UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

---------------------------------------------------------------X
SALLY ADAIR, individually and on behalf of : 
all others similarly situated, :
 :
                             Plaintiff, :
 : **STIPULATION OF**
   -against- : **SETTLEMENT**
 :
MICROFIELD GRAPHICS, INC., and :
JOHN B. CONROY, :
 :
                          Defendants. :
---------------------------------------------------------------X

      Lead Plaintiffs Sally Adair, Richard Cerrato, Steve Chiaramonte, David Maxim, and Robert Santopietro ("Lead Plaintiffs") and Defendants Microfield Graphics, Inc. and John B. Conroy ("Defendants") hereby stipulate and agree as follows:

      WHEREAS, a class action complaint was filed in this Action by Plaintiff Sally Adair on January 28, 2000 which alleged that Defendants violated section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b);

      WHEREAS, an order appointing Plaintiffs to be lead plaintiffs and appointing Plaintiffs' counsel to be lead counsel was granted on May 4, 2000;

      WHEREAS, the complaint alleged that Defendants had issued false and misleading statements concerning Microfield Graphics, Inc. ("Microfield" or the "Company") and its purchase agreement with Minnesota Mining and Manufacturing Company ("3M") which caused a substantial increase in sales in late 1997 and early 1998

and the Company's failure to disclose that 3M had placed virtually no orders for the third and fourth fiscal quarter of 1998;

WHEREAS, Defendants moved for a change of venue pursuant to 28 U.S.C. § 1404(a), which motion was granted on November 14, 2000;

WHEREAS, protracted and arduous settlement negotiations have taken place between Plaintiffs' Counsel and the Defendants' Counsel which resulted in the agreement herein;

WHEREAS, Plaintiffs' Counsel have considered the substantial benefit to the Class that will be received as a result of this Settlement in light of the costs, uncertainties, and risks inherent in continued litigation and trial of this matter, and have concluded that the Settlement is fair, reasonable, adequate, and in the best interests of the Class; and

WHEREAS, Defendants deny liability and any and all alleged wrongdoing, and maintain that they have meritorious defenses.  Nonetheless, Defendants seek to settle and compromise this Action and any and all other claims that are based upon or arise from or could be based upon or arise from any of the matters alleged in the complaint in the Action so as to avoid further substantial expense, risks, inconvenience, and distraction of burdensome litigation and to put to rest all controversies raised in this Action;

NOW, THEREFORE, it is stipulated and agreed by and between the undersigned attorneys for Plaintiffs and Defendants that all claims asserted or that could have been asserted in the Action based upon the facts and circumstances set forth in the Action

and the pleadings therein will, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, be dismissed with prejudice on the merits and settled, subject only to approval by the Court, on the following terms and conditions:

1. **DEFINITIONS**

As used herein, the following terms shall have the meanings indicated:

(a) "Action" means the above-captioned action pending in the United States District Court for the District of Oregon entitled *Adair, et al. v. Microfield Graphics, Inc., et al.,* CV 01-206-AS.

(b) "Administration Expenses" means all costs, disbursements, and expenses incurred by Lead Plaintiffs and the class and approved by the Court in the implementation of this Settlement including, but not limited to, reasonable fees and expenses of an agent to administer the Settlement or of tax counsel or accountants in connection with determination of any tax liability of the Settlement Fund; reviewing Proofs of Claim filed by the Class; and the costs of transferring payments to Class Members entitled to recovery.

(c) "Class" and "Class Members" mean all persons and entities who purchased Microfield common stock during the period July 23, 1998 through April 2, 1999, inclusive, excluding Defendants, members of the immediate family of the Individual Defendant, and the legal representatives, heirs, successors, or assigns of any Defendant. Plaintiffs and Defendants stipulate to certification of the class for settlement. Insofar as

a Class Member makes a proper and timely request for exclusion from the Class, he shall not be considered a Class Member.

(d) "Class Counsel" means the firm of Rabin & Peckel LLP.

(e) "Class Period" means the period between July 23, 1998 through April 2, 1999, inclusive.

(f) "Counsel Fees and Expenses" means fees and expenses allowed by the Court that are sought and were incurred by Class Counsel in the prosecution of the Action.

(g) "Court" means the United States District Court for the District of Oregon.

(h) "Defendants" means Microfield Graphics, Inc. and John B. Conroy.

(i) "Defendants' Counsel" means the firm of Brobeck Phleger & Harrison LLP.

(j) "Effective Date" means the date when the Judgment approving the Settlement becomes Final.

(k) "Final" means no longer subject to review by reason of affirmance on appeal or by writ of certiorari, or because the time to file a notice of appeal or to apply for a writ of certiorari has expired, or because a writ of certiorari has been denied.

(l) "Lead Plaintiffs" means Lead Plaintiffs Sally Adair, Richard Cerrato, Steve Chiaramonte, David Maxim, and Robert Santopietro.

(m) "Net Settlement Fund" means the Settlement Fund less Administration Expenses and Counsel Fees and Expenses permitted by the Court.

(n) "Notice" means the Notice of Pendency, Proposed Settlement, Conditional Class Certification, and Fairness Hearing that is annexed hereto as Exhibit 2.

(o) "Notification Costs" means the reasonable cost of providing Notice to the Class, including not but limited to, duplication or printing costs, costs of identification of Class Members, costs of mailing the Notice to the Class, and cost of publication of the Summary Notice over the Business Wire for national distribution.

(p) "Order" means the Final Judgment and Order Approving Settlement, and Dismissal with Prejudice, substantially in the form annexed as Exhibit 5 hereto, entered by the Court pursuant to Paragraph 7 hereof, which shall approve the Settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

(q) "Preliminary Order" means the Preliminary Order, substantially in the form annexed as Exhibit 1 hereto, entered by the Court as provided in Paragraph 5 hereof, which shall provide, among other things, for a fairness hearing by the Court to consider the Settlement and the giving of notice to all reasonably identifiable Class Members, which notice shall be substantially in the form of Exhibit 2 attached hereto.

(r) "Proof of Claim" means the document a form of which is annexed as Exhibit 3 hereto. The Proof of Claim shall also contain a release as provided in Paragraph 3 hereof.

(s) "Settled Claims" means any and all claims, demands, rights, liabilities, and causes of action, both known claims and Unknown Claims, asserted or that might have been asserted by any Lead Plaintiff or member of the Class, as set forth in the Proof of Claim, a form of which is annexed as Exhibit 3 hereto.

(t) "Settlement" means the terms of settlement of the Action agreed to hereby.

(u) "Settlement Fund" means the cash to be delivered by Defendants to the Settlement Account pursuant to Paragraph 2 hereof, together with accrued interest.

(v) "Settlement Hearing" means the hearing held by the Court to consider final approval of the Settlement pursuant to rule 23(e) of the Federal Rules of Civil Procedure.

(w) "Stipulation" means this Stipulation of Settlement.

(x) "Summary Notice" means the Summary Notice of Class Action Settlement and Hearing that is annexed hereto as Exhibit 4.

(y) "Unknown Claims" means any and all Settled Claims which any Lead Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Defendants, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Settled Claims, the Lead Plaintiffs stipulate and agree that upon the Effective Date, they shall expressly, and each Class Member shall be deemed to have, and by operation of the

Order shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Lead Plaintiffs acknowledge, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims was separately bargained for and was an element of the Settlement. Lead Plaintiffs and Class Members acknowledge that they may hereafter discover facts which are different from or in addition to those that they may now know or believe to be true with respect to any and all claims, demands, rights, liabilities and causes of action herein released and agree that all Unknown Claims are nonetheless released and that this Stipulation shall be and remain effective in all respects even if such different or additional facts are subsequently discovered.

## 2. THE SETTLEMENT FUND

(a) In full, complete, and final settlement of any and all claims known or unknown, suspected or unsuspected, that now exist, may hereafter exist, or heretofore have existed in favor of Lead Plaintiffs or in favor of the class arising out of, based upon, in connection with, or relating in any way to the purchase of Microfield common stock

during the Class Period, of any and all other claims and causes of action that have or could have been or could be asserted in this or any other forum by reason of, or that relate to the purchase of Microfield common stock during the Class Period, and subject only to the terms and conditions of this Stipulation, Defendants shall pay $455,000 in cash.

(b) The Settlement Fund shall be maintained in a separate interest bearing escrow account (the "Settlement Account") at Sterling National Bank, New York, New York, from the date it is deposited as provided herein until it is transferred in accordance with the provisions of this Stipulation and orders of the Court or returned to Defendants as described below. The Settlement Fund shall be deposited in the Settlement Account within forty-five (45) days of the entry of the Preliminary Order.

(c) The Settlement Fund, and any interest earned thereon, shall be the sole source of funds for payment of valid claims to the class and all Administration Expenses and Class' Counsel Fees and Expenses.

(d) If the Order to be entered pursuant to Paragraph 7 below, or one substantially in conformity with it, shall not become Final as defined above, the Settlement Fund, plus any accrued interest but less any expenses or taxes (and any interest or penalties thereon) incurred but not yet paid, shall be returned to Defendants within three business days of the failure of the Order to become Final. The Settlement Fund shall, until such time, be subject to the Order of the Court.

3. **RELEASE BY LEAD PLAINTIFFS AND THE CLASS**

      (a) As consideration for the Settlement, Lead Plaintiffs, on behalf of themselves and the Class, will dismiss the Action with prejudice on the merits and the Court will bar and enjoin the prosecution of any and all claims that Lead Plaintiffs and the Class Members and their issues, heirs, spouses, representatives, successors, and assigns have or might have had against the Defendants, and each of them, in this Action as well as against each of the Defendants' present and former officers, directors, agents, consultants, attorneys, accountants, insurers, reinsurers, personal representatives, spouses, issues, heirs, executors, successors, assigns, parent corporations, subsidiaries, divisions, and affiliates, trusts, or entities controlled by them (the "Released Parties") and release the Released Parties from any claims, causes of action, damages, and liabilities of any kind, nature, and character whatsoever in law, equity, or otherwise, known or unknown, suspected or unsuspected, that now exist, may exist, or heretofore existed, arising out of, related to, connected with, or based in whole or in part on the purchase of Microfield common stock during the Class Period or the matters set forth in the Action; and any and all other claims and causes of action that have been or could be asserted in this or any other forum by reason of or that relate in any way to any of these matters. Provided, however, that this release shall become null and void and of no force or effect if this Court or any court with proper jurisdiction over an appeal from the Order shall determine, after

reasonable notice and an opportunity for the parties to be heard, that the Settlement should not become Final in accordance with its terms.

(b) Each Proof of Claim and Release shall provide that when the Order becomes Final, Class Members shall have released the Released Parties as provided in this paragraph. Each Proof of Claim and Release shall also provide that the Class Member acknowledges that he may hereafter discover facts in addition to or different from those he now knows or believes to be true with respect to the subject matter of his release but that it is his intent to fully, finally, and forever settle and release any and all claims released hereby, known or unknown, suspected or unsuspected, that now exist, or heretofore have existed, or may hereafter exist, and without regard to the subsequent discovery of the existence of such different or additional facts. No payment will be made to any Class Member, including Lead Plaintiffs, entitled to recover hereunder, until said Class Member executes a release as a part of his Proof of Claim and Release, but the failure of any Class Member to file a Proof of Claim and Release shall not in any way affect the fact that such non-filing Class Members have released their actual or potential claims to the full extent provided in this Stipulation of Settlement.

## 4. PLAN OF DISTRIBUTION

Each Class Member who submits a valid and timely Proof of Claim showing a Recognized Claim as described below ("Authorized Claimants") shall receive a distribution from the Net Settlement Fund as described below, unless a Class Member's

individual distribution is less than $1.00, in which case there will be no distribution. That distribution will be calculated, except as otherwise ordered by the Court, as follows:

(a) For each share, the "Recognized Claim" is (i) $0.50 for each share purchased during and held through the end of the Class Period and (ii) for shares purchased and sold during the Class Period, the purchase price (excluding commissions and other expenses) of that share minus the sale price of that share (excluding commissions and other expenses) not to exceed $0.50 per share.

(b) In processing claims, the first-in, first-out basis ("FIFO") will be applied to both purchases and sales. Under FIFO, each claimant must provide the number of shares purchased during the Class Period and date of each such purchase and the number of shares sold during the Class Period and the date of each such sale. Sales of eligible shares will be matched in chronological order against purchases during the Class Period, in which case any gains will be omitted in calculating the Recognized Claim Amount of each Claimant.

(c) Claimants will receive a share of the Settlement Fund equal to the proportion that their Recognized Claim bears to the total amount of Recognized Claims of all Claimants entitled to share in the Settlement Fund. Authorized Claimants who do not cash checks distributed to them for their respective share of the Settlement Fund within 60 days of the date of issuance will be in violation of this Plan of Distribution and will have forfeited their share.

Defendants take the position that the Class has not sustained any damages, but do not object to the plan of distribution proposed by Class Counsel.

5. **COURT APPROVAL/PRELIMINARY ORDER**

(a) After the execution of this Stipulation, the parties hereto will promptly submit it to the Court and will request the entry of the Preliminary Order, substantially in the form annexed as Exhibit 1 hereto.

(b) If the Court fails to enter the Order or if on appeal the Order is reversed or modified or if this Stipulation should fail for any reason to be finally approved, then upon the election of either Class Counsel or Defendants' Counsel and upon written delivery of such election to the other party's counsel this Stipulation shall not have further force or effect except that the provisions of this Paragraph and Paragraph 2(d) regarding the return of the Settlement Fund to the Defendants shall continue to apply. If the Stipulation fails, is not approved, or is terminated, all proceedings having taken place with regard to this Stipulation of Settlement shall be without prejudice to the rights and contentions of the parties hereto or of any Class Member.

(c) The parties to this Stipulation and their attorneys agree that they will use their best efforts to obtain all necessary approvals of this Stipulation by the Court.

6. **COUNSEL'S FEES AND EXPENSES**

Class Counsel may apply to the Court for an award of Fees and Expenses reasonably incurred in connection with the prosecution of the Action, to be paid out of the

Settlement Fund, in an amount not to exceed one-third of the Settlement Fund. Defendants will not take any position on such application.

## 7. ENTRY OF JUDGMENT/FINAL ORDER

Consummation of the Stipulation of Settlement is contingent upon the Court's entry of the Order substantially in the form annexed hereto as Exhibit 5, following the Settlement Hearing.

## 8. GENERAL PROVISIONS

(a) It is expressly understood that this Stipulation of Settlement and any negotiations or proceedings in connection herewith and any orders of the Court relating to it do not constitute and will not be construed as, or be deemed to be, evidence or an admission or concession on the part of Defendants of any liability or wrongdoing whatsoever or the appropriateness of certifying a class other than for settlement purposes or on the part of Lead Plaintiffs or Class Members of any lack of merit to the Action. This Stipulation and each of its provisions and any orders of the Court relating to it will not be offered or received in evidence in the Action or in any other action or proceeding except to enforce their terms.

(b) The undersigned attorneys for Lead Plaintiffs and Defendants have authority to execute this Stipulation pursuant to the express authorization of their respective clients.

(c) This document may be signed in counterparts, each of which shall be deemed to be and have the force of an original insofar as the signature thereon is concerned.

(d) The captions contained in this Stipulation are not part of the Stipulation and will not be relied upon in construing the Stipulation or in determining its validity.

(e) The service of papers and notices under this Stipulation of Settlement shall be made upon Lead Plaintiffs and the Class by serving such papers on:

> Brian Murray, Esq.
> Rabin & Peckel LLP
> 275 Madison Avenue
> New York, NY 10016

and upon Defendants by serving such papers on counsel for Defendants:

> Gregory A. Markel, Esq.
> Brobeck Phleger & Harrison, LLP
> 1633 Broadway, 47[th] Floor
> New York, NY 10019

by personal delivery or first class mail.

(f) When used herein, the masculine shall include the feminine and the neuter.

(g) New York law shall govern this Stipulation of Settlement and any documents prepared or executed pursuant to this Stipulation of Settlement. The forum for resolving disputes arising under or relating to this Stipulation of Settlement shall be the United States District Court for the District of Oregon.

(h) This Stipulation constitutes the complete agreement of the parties hereto and supersedes any prior agreements, oral or otherwise, which may have been reached in this Action.

Dated: New York, New York
   June 29, 2001

RABIN & PECKEL LLP

By: _____
   Brian Murray
275 Madison Avenue
New York, New York 10016
(212) 682-1818

Attorneys for Lead Plaintiffs

BROBECK PHLEGER & HARRISON, LLP

By: _____
   Gregory A. Markel
1633 Broadway, 47th Floor
New York, NY 10019
(212) 581-1600

Attorneys for Defendants

SO ORDERED: This 10th day of July, 2001

_____
~~U.S.D.J.~~
Anna J. Brown
United States District Judge