**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **SALLY ADAIR, individually and on behalf of others similarly situated,** | **CV 01-206-BR** |
| **Plaintiff,** | **ORDER RE ATTORNEYS' FEES AND COSTS** |
| **v.** | |
| **MICROFIELD GRAPHICS, INC., and JOHN B. CONROY,** | |
| **Defendants.** | |

**BRIAN PHILIP MURRAY**
**JOSEPH VINCENT McBRIDE**
Rabin & Peckel LLP
275 Madison Avenue
New York, NY 10016
(212) 682 1818

**JUSTINE FISCHER**
808 S. W. Third Avenue, Suite 400
Portland, OR 97204
(503) 222-4326

Attorneys for Plaintiff

**GREGORY A. MARKEL**
**NANCY I. RUSKIN**
Brobeck Phleger & Harrison LLP
1633 Broadway, 47th Floor
New York, NY 10019
(212) 237-2592

**JOEL A. MULLIN**
Stoel Rives, LLP
900 S.W. Fifth Avenue, Suite 2600
Portland, OR 97204
(503) 294-9665

Attorneys for Defendants

**BROWN, Judge.**

This matter comes before the Court on the request of Lead Plaintiff's counsel for an award of attorneys' fees in the amount of 31.7% of the Settlement fund.

In common-fund actions, the settlement or award creates a fund for distribution to a class. In common-fund actions, the district court has discretion to use either a percentage or lodestar/multiplier method to determine an appropriate award of attorneys' fees to the prevailing party. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (citing *In re Washington Public Power Supply System Sec. Litig.*, 19 F.3d 1291, 1295 (9th Cir. 1994)). The Ninth Circuit has established 25% of the common fund as a benchmark award for attorneys' fees under the percentage method. *Id*. (citation omitted). In "special circumstances," however, a district court "may adjust

the benchmark figure higher or lower to fit the individual circumstances of the action. *In re Pacific Enterprises Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995).

The Court has considered the following circumstances in evaluating the request of Lead Plaintiff's counsel for an upward departure from the benchmark figure and an award of attorneys' fees in the amount of 31.7% of the Settlement Fund:

a. *Settlement Achieved*: A Settlement Fund of $455,000, approximately 47% of the Class's alleged damages, has been created in this action without the necessity of a trial. In view of the potentially substantial legal, factual, economic, and practical obstacles to recovery in this action, the Settlement is a relatively good result in this type of action.

b. *Risks of Litigation and Contingent Nature of the Fee*: Significant risk of no recovery existed in this litigation so that any recovery for the Class was a contingent and uncertain proposition at the outset. On the other hand, there was a reasonably favorable outlook of recovery such that seasoned counsel undertook the case on behalf of Lead Plaintiff and the Class members on a contingent fee basis.

c. *Skill Required and Quality of the Work*: Lead Plaintiff's counsel have exhibited a high quality of work in prosecuting this action. Defendants' counsel also exhibited a high quality of work in defense of the action.

d. *Novelty and Difficulty of the Questions Presented*: As noted, significant factual and legal issues were raised in this action concerning Defendants' liability, loss causation, and proof of damages.

      e. *Contingent Nature of the Case/Financial Burden Carried by Lead Plaintiff's Counsel*: Lead Plaintiff's counsel have received no compensation from Lead Plaintiff or the Class members during the course of this litigation in which a recovery was not guaranteed.

f. *The Customary Fee*: In a nonrepresentative action, the customary fee arrangement would be contingent and based on a percentage rate of approximately one-third of the recovery. With respect to the hourly rate to be charged, the Class is made up of members who reside in various locations nationwide; therefore, neither an "Oregon rate" nor a "New York" rate should necessarily apply in determining the attorneys' fee request of Lead Plaintiff's counsel.

g. *Reaction of the Class to the Settlement and Attorneys' Fees and Expenses Sought*: As noted, no Class members timely objected to the proposed Settlement or to the amount of attorneys' fees and costs requested by Lead Plaintiff's counsel.

h. *Lodestar Amount*: Lead Plaintiff's counsel contend the dollar amount requested as attorneys' fees is below the amount that would be awarded under a lodestar approach. The lodestar/multiplier approach approved by the Ninth Circuit requires two steps. First, the number of hours counsel reasonably expended on the litigation is multiplied by a reasonable hourly rate. Second, the Court may adjust the lodestar upward or downward using a multiplier based on a series of factors if the lodestar amount is unreasonably low or high. Lead Plaintiff's counsel have not undertaken a thorough lodestar/multiplier analysis in support of the argument that the lodestar amount they are entitled to receive is greater than the percentage award requested.

Lead Plaintiff's counsel seek an attorneys' fee award of $144,187.94, which reflects 31.7% of the Settlement amount,

based on 422.4 hours of work by lawyers at a blended rate of approximately $359 per hour. Included in their request, Lead Plaintiff's counsel also seek recovery of fees for work by legal assistants based on 3.9 hours of work at an hourly rate of $140.

After considering the above factors, the Court concludes the circumstances surrounding this action justify an upward departure of an additional 2% from the Ninth Circuit's benchmark figure of 25% for attorneys' fee awards in common-fund cases or, in total, an award of 27% of the Settlement amount for work performed by Lead Plaintiff's counsel. The Court, therefore, awards Lead Plaintiff's counsel $122,850 in attorneys' fees, which is, in effect, a blended hourly rate of approximately $290 for work by Lead Plaintiff's counsel. The Court also awards an additional $546 for 3.9 hours of work performed by legal assistants for Lead Plaintiff's counsel at an hourly rate of $140. The award of fees for work performed by Lead Plaintiff's counsel and legal assistants employed by Lead Plaintiff's counsel is to be paid from the Settlement Fund after the Final Judgment becomes final.

Lead Plaintiff's counsel also seek reimbursement of expenses of $5,962.06 consisting of the following:

a. $5,010.42 in travel expenses,

b. $26.88 for Westlaw computerized legal research,

c. $53.37 for Courtlink computerized legal research,

d. $612.50 for publication of notice,

e. $98.20 for Federal Express delivery and postage,

f. $8.15 for use of a messenger service, and

g. $2.62 in telephone charges.

The Court declines to award costs for Westlaw and Courtlink computerized legal research and for telephone charges because such costs should reasonably be included in the hourly fee rates of Lead Plaintiff’s counsel. The Court, therefore, awards costs in this action in an amount of $5,729.27 to be paid from the Settlement Fund after the Final Judgment has been issued.

IT IS SO ORDERED.

DATED this 6th day of November, 2001.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

AdairCV01-206-ORDAttysFees.11-01.wpd

7 - ORDER RE ATTORNEYS' FEES AND COSTS